OPINION of the. Court, by
Ch. J. Boyle.
This is a writ of error, to a judgment of the Fayette circuit court, overruling a motion to quash an execution. The mot'on was made upon the following case : “ On the 11th day of August 180S, the execution issued, and came to the hands of the sheriff on the same day, but nothing was done <jn the execution by the sheriff until the 12th day of September, when he levied it on horses and other property ; prior to which, (to wit, ort the 17th day of August) the plaintiff died, and as yet (that is when the motion was made) no administratidn has been granted of his estate.
If the judgment of the circuit court be correct, then it follows, either that the defendant is not in such a case entitled to the privilege of replevvmg, or that the re-plevy bond may be executed to the plaintiff after he is dead. The former of these alternatives is clearly inadmissible. The law gives the privilege of replevying the debt or demand, without making an exception of the case where the death of the plaintiff shall have happened, and such an inevitable casualty ought not to be allowed to work a wrong to the defendant, by depriving him of a right which the law has secured to him. The latter alternative admits of more doubt. It appears however to be more consistent with the general principles of law that the process should abate, than that a bond should be executed to a person not in return natura.. If such a bond be valid, it is a perfect unique, and stands a solitary exception to all the known rules and principles of law.
It is not to be expected that English, eases can be found applicable to the present, there not being in that country a right of replevying, nor any act to be done by either plaintiff or defendant, after the process of execution was in the hands of the sheriff; but with respect t* the abatement of suits or process, it seems to be a principle deducible from the common law authorities, that whilst any act remained to be done by the parties necessary to carry on the suit or perfect the execution of the process, the suitor process would abate by the death oí either of the parties.
*199 We are therefore of opinion, that the circuit court er-ifed in not quashing the execution ; but the original judgment and the previous proceedings are correct, and must ■stand unaltered and affirmed,